IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DALE E. McCORMICK,

    Plaintiff,

vs.                               Case No. 02-2037-JTM

KEN FARRAR, et al.,

    Defendants.

MEMORANDUM AND ORDER

    This is an action brought pursuant to 42 U.S.C. § 1983 in which pro se plaintiff Dale E. McCormick advanced various claims against defendant Ken Farrar, a Lawrence, Kansas Police Officer as well as other law enforcement officers. Currently before the court are two motions by the defendant Farrar – a motion for sanctions (Dkt. No. 30) and a motion for attorney fees (Dkt. No. 29).

    Farrar stopped and arrested McCormick on Friday, January 22, 2000, and transported him to the Douglas County Jail where he was charged with battery on a law enforcement officer. McCormick alleged that Farrar, and other officers in charge of the jail, prevented him from receiving any medical attention until the following Monday, January 24. He also alleged that he was arrested without probable cause and that his constitutional rights were violated by holding him over the weekend.

    McCormick filed his Complaint on January 24, 2002, exactly two years after the last day of his confinement, but more than two years after his arrest. In an Order filed March 20, 2003, Judge

VanBebber held that McCormick knew or had reason to know before January 24, 2000 of the injuries which underlay his claims, and that the action was accordingly time-barred under KSA 60-513(a)(4). As he had before Judge VanBebber, McCormick argued on appeal that the action should not be considered untimely under the continuing violation doctrine. The Tenth Circuit has now rejected this argument, finding that the continuing violation doctrine "does not save any of McCormick's claims from being time-barred." (Dkt. No. 58, at 8).

The case was transferred to the undersigned after the death of Judge VanBebber. In its discretion, the court will deny the motions for attorney fees and sanctions. Farrar stresses in his motion for sanctions that under existing case law, McCormick (who has considerable experience in pro se litigation), should have known that the action was time-barred; he also contends that McCormick has brought multiple and vexatious claims against him, and has done so for an improper purpose. In the motion for attorney fees, Farrar also stresses that the action was time-barred.

While it does not in any way diminish the effect of the time bar in requiring dismissal of McCormick's claims, it remains true that McCormick's claim was only one or two days out of time. Further, while the continuing violation doctrine advanced by McCormick was rejected by both Judge VanBebber and later by the Tenth Circuit, its lack of application was not a foregone conclusion. The Tenth Circuit opinion noted that its prior ruling on the subject, *Rassam v. San Juan Coll Bd.*, No. 95-2292, 1997 WL 253048 (10th Cir. May 15, 1997), on which Judge VanBebber had relied, was an unpublished decision and hence not binding precedent. (Dkt. No. 58, at 6). It further stressed that it "has not ... announced a blanket rule that the continuing violation doctrine is inapplicable to § 1983 suits." (Id.) Before upholding the dismissal, the Court of Appeals addressed McCormick's claims individually. In the case of two of the counts (conspiracy and deliberate indifference), the

court took note that there were additional allegations of injurious conduct on January 24, 2000 — within the limitations period — but found that McCormick had failed to properly amend his complaint to incorporate those allegations.

Reviewing all of the circumstances of the case, the court does not find that plaintiff's conduct has been shown to be so frivolous or vexatious as to warrant the relief sought.

IT IS ACCORDINGLY ORDERED this 10th day of May, 2006 that the defendant's Motions for Attorney Fees and Sanctions (Dkt. Nos. 29, 30) are hereby denied. The Motion to Stay (Dkt. No. 41) of plaintiff is denied as moot.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE
